# UNITED STATES, Plff.,

## *v.*

# JULIO NIEVES, MASTER OF THE SCHOONER ROSA MARIA, Dft.

San Juan, Criminal, No. 1832.

**Criminal Law—Indictment for Felony Only.**
1. The criminal law requires an indictment by a grand jury before a defendant can be put on trial for an offense which is a felony; but in the case of a defendant charged with a misdemeanor, the district attorney has the option of proceeding by way of indictment or information.

**Criminal Law—Misdemeanor—Indictment Not So Strict.**
2. In a criminal proceeding, involving a misdemeanor, and not a felony, the rules do not require the same exact strictness with respect to the repetition of the time and place in the different paragraphs of the accusation, even though such accusation be in the form of an indictment.

**Criminal Law—Omission of Time and Place of Misdemeanor—Cured by Indictment.**
3. Where a defendant is charged with a misdemeanor only, but the proceeding is by way of indictment; which indictment sets forth all the material facts of the accusation, but omits in one paragraph a reference to the time and place of the alleged misdemeanor, such indictment is not subject to demurrer.

Opinion filed January 7, 1922.

*Major Ira K. Wells,* United States District Attorney, for the United States.

*Mr. Juan B. Solo* for defendant.

XII. Porto Rico.—24.

United States v. Nieves.

Odlin, Judge, delivered the following opinion:

In this case counsel for the defendant has demurred to the indictment upon the ground that the indictment sets forth that on the 12th day of May, 1921, the defendant did wilfully, knowingly, and unlawfully moor the schooner Rosa Maria, of which he is the master, to the bulkhead (or malecon) of San Juan harbor, a port suspected of plague infection in rodents, and so declared to be by a proclamation of the governor of Porto Rico, without the cones or disks commonly known as rat guards, etc.

The ground of the demurrer is that the indictment does not set forth in specific terms that San Juan harbor was suspected of plague infection on May 12, 1921, at the time of the alleged offense; and also that the said indictment does not use the words "then and there" in connection with the allegation that San Juan harbor was a suspected port. In support of this contention counsel for the defendant cites § 97, page 295, of Clark's Criminal Procedure, 2d ed. But when we turn to page 296 of the same book we find that in indictments for misdemeanors there is not required the same strictness with respect to the repetition of time and place as there is in cases of felony. The offense of which the defendant in the present indictment is accused being a misdemeanor, and not a felony, the court overrules the demurrer filed by counsel for said defendant, and directs that the defendant plead to the indictment on Saturday, January 14, 1922, at 9 A. M. To this ruling counsel for defendant excepts.